(October 24, 1996)

■ In the Matter of NAJAM M., a Person Alleged to be Abused. EDRICKA M. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. JANE M. SPINAK, as Law Guardian, Appellant. [648 NYS2d 559] —Order of the Family Court, Bronx County (Harvey Sklaver, J.), entered December 22, 1995, which, to the extent appealed from, dismissed the petition alleging sexual abuse of the subject child by respondent father for failure of proof, unanimously reversed, on the law and the facts, without costs, the petition reinstated, a finding of sexual abuse entered, and the matter remanded to Family Court for further proceedings.

The Commissioner of Social Services and the Law Guardian for the subject child, Najam M., brought this child abuse petition against her parents. Article 10 of the Family Court Act defines an "abused child" as a child under the age of 18 whose parent (or other legally responsible person) "commits, or allows to be committed, a sex offense against such child" (Family Ct Act § 1012 [e] [iii]). It is incumbent upon the petitioner to establish child abuse by "a preponderance of the evidence" (Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1). A prima facie case of abuse may be established by evidence: (1) of an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred (Family Ct Act § 1046 [a] [ii]; *Matter of James P.*, 137 AD2d 461, 462). After a prima facie showing has been made, the burden shifts to the parent to offer a satisfactory explanation to rebut the evidence of abuse (*Matter of Philip M.*, 82 NY2d 238).

Testimony was received from Jamie Hoffman Rosenfeld, M.D., a specialist in child abuse, that she examined the child,

who was then four years old, at Jacobi Hospital in April 1994 to follow up an earlier visit to the hospital emergency room in February of that year. Her examination revealed "a very irregular hymenal opening with thickened edges * * * redness of the hymen and the surrounding tissue", consistent with chronic manipulation. She concluded that these physical abnormalities were "highly suggestive" of abuse. The parents testified that the child suffered from bouts of excema and scratched herself. Therefore, they theorized that the child could have caused the scarring to her hymen observed by the physician. However, Dr. Rosenfeld had stated that she did not recall any sign of active excema at the time of her examination. When recalled to the witness stand by the court, the doctor remained steadfast in her opinion that the injuries she observed could not have been self-inflicted.

Dr. Rosenfeld further testified that the hospital record of the February visit indicated that the child had been interviewed by a social worker and stated that "her father had touched and kissed her private parts". This allegation was repeated to the doctor during the course of the subsequent physical examination. Testimony was also heard from a caseworker that the child had made a similar statement during a visit to her grandmother's home on February 28, 1994. While the parents testified that the grandmother disliked the child's father and may have coached her, the allegation, made consistently and to a number of people (*Matter of Estina W.*, 181 AD2d 554), at times outside the presence of her grandmother, is supported by the medical findings that the only reasonable explanation for the observed abnormalities is repeated sexual abuse (*see, Matter of Aryeh-Levi K.*, 134 AD2d 428, 429, citing *Matter of Kimberly K.*, 123 AD2d 865).

Family Court was incorrect to disregard the qualifications of Dr. Rosenfeld as an expert in her field. This Court has implicitly endorsed the use of expert testimony in this area (*see, Matter of Heather W.*, 211 AD2d 561, 561-562 ["the uncontroverted testimony of the expert in pediatrics and child sexual abuse established that such abuse occurred"]; *see also, Matter of Commissioner of Social Servs. [Tanya C.] v Evelyn R.*, 217 AD2d 697 [physician testified as an expert in the field of sexual abuse of children]), and the doctor's testimony with respect to her credentials should have been received into evidence.

The facts of record establish a prima facie case of child abuse. While the Jacobi Hospital emergency room record made in February 1994 does not indicate that any irregularities were

observed, neither the circumstances under which the examination was conducted nor the expertise of the respective examining physicians can be deemed comparable. In any event, no testimony was received to rebut Dr. Rosenfeld's conclusion that the child's physical condition was consistent with abuse. Therefore, upon the record before us, the explanation offered by the parents for the observed abnormalities is clearly controverted by the medical testimony and is insufficient to rebut petitioner's prima facie case. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.