In the Matter of ISAIAH F. and Another, Children Alleged
to be Neglected. ALEXANDER W. et al., Appellants; ADMINISTRA-
TION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents.
[891 NYS2d 382]—

The court correctly found appellant Anita T. to be a person
legally responsible for the subject children (*see Matter of
Yolanda D.*, 88 NY2d 790, 796 [1996]).

The findings of neglect are supported by a preponderance of
the evidence that sexual abuse occurred, including testimony by

a mental health expert based on independent observations of the children, Isis's demonstration to the expert using anatomically correct dolls corroborating her prior, consistent, independently recalled out-of-court statements regarding the abuse, and Isaiah's out-of-court statements corroborating Isis's account of the abuse (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Pearl M.*, 44 AD3d 348, 349 [2007]; *Matter of Najam M.*, 232 AD2d 281, 282 [1996]).

Expert testimony concerning respondent Alexander F.'s Abel test results did not pertain to appellant Alexander W., who did not urge admission of the expert's finding that Alexander F. is not sexually aroused by children, or appeal the court's *Frye* decision to exclude the test results and the expert's testimony. In any event, the court properly found, based on the expert's testimony, that the Abel test, while designed to diagnose and treat pedophilia, does not apply to intrafamilial sexual abuse, which occurs as a result of family dynamics rather than a general sexual interest in children, and thus was not relevant to whether the acts of intrafamilial sexual abuse alleged herein occurred. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.