Order of disposition, Family Court, Bronx County (Joan L. Ficcirillo, J.), entered on or about April 19, 2013, which, to the extent appealed from as limited by the briefs, upon a fact-finding that respondent-appellant father had abused and neglected the subject son and derivatively neglected the subject daughter, ordered that respondent shall continue to have supervised visits with the children, unanimously affirmed, without costs, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot. Appeal from order of fact-finding, same court (James E. d’Auguste, J.), *516 entered on or about October 17, 2012, unanimously dismissed, without costs, as superseded by the appeal taken from the order of disposition.
The finding of abuse was supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]). Petitioner made a prima facie showing that a transverse fracture of the femur, such as the one sustained by the 16-month-old subject boy, would ordinarily not have been sustained except by reason of a caretaker’s acts or omissions, and that respondent was the child’s caretaker at the time the injury occurred (see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Amire B. [Selika B.], 95 AD3d 632 [1st Dept 2012], lv denied 20 NY3d 855 [2013]). The expert medical witness also testified that in addition to the femur fracture, the child also sustained a burn to the cheek, indicative of neglect, which in combination was indicative of child physical abuse. In response, respondent failed to present any evidence of a credible and reasonable explanation for how the child suffered the femur fracture (Philip M., 82 NY2d at 244-246; Amire B., 95 AD3d at 632). The court properly drew a negative inference from respondent’s refusal to testify (see Matter of Jonathan Kevin M. [Anthony K], 110 AD3d 606, 607 [1st Dept 2013]), and properly declined to consider speculative explanations unsupported by any evidence.
A preponderance of the evidence also supported the finding of neglect in connection with the burn, which is likely to result in permanent scarring. Respondent explained that the burn occurred after the child fell asleep on a frozen pack of meat given to him by respondent to treat a bruise. Respondent failed to exercise a minimum degree of care in allowing the burn to occur and then failing to seek medical treatment (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).
The subject son’s injuries arising out of respondent’s abuse and neglect are sufficiently severe so as to support the finding that the subject daughter, who is approximately the same age as the son and was in respondent’s care at the time of the son’s injuries, was derivatively neglected by respondent (see e.g. Matter of Ameena C. [Wykisha C.], 83 AD3d 606, 607 [1st Dept 2011]).
The appeal from the part of the dispositional order directing that respondent shall continue to have supervised visitation with the children is moot, as the terms of the order have expired and subsequent dispositional orders have been entered (see Matter of Pearl M., 44 AD3d 348, 348 [1st Dept 2007]). In any event, in light of the findings of abuse and neglect, the imposition of supervised visitation was in the children’s best interests (see *517 generally Matter of Keith H. [Logann M.K.], 113 AD3d 555, 556 [1st Dept 2014], lv denied 23 NY3d 902 [2014]).
Concur—Acosta, J.E, DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.