Matter of Alexis W. (Efrain V.) (2018 NY Slip Op 01992)





Matter of Alexis W. (Efrain V.)


2018 NY Slip Op 01992


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Acosta, P.J., Sweeny, Andrias, Gische, Gesmer, JJ.


5482

[*1]In re Alexis W., and Others, Dependent Children Under the Age of Eighteen Years, etc., Efrain V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Andrew J. Baer, New York, attorney for the children Joaquin V., Laila V. and Jermiah V.
Tamara A. Steckler, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child Alexis W.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about March 11, 2016, which, to the extent appealed from as limited by the briefs, found, after a hearing, that respondent father had sexually abused his stepdaughter and derivatively abused and derivatively neglected his three biological children, unanimously affirmed, without costs.
A preponderance of the evidence supports the Family Court's finding that respondent sexually abused his stepdaughter (see Matter of Karime R. [Robin P.], 147 AD3d 439, 440 [1st Dept 2017], citing Family Ct Act §§ 1012[e][iii]; 1046[b][i]). The stepdaughter's direct testimony regarding the incidents of sexual abuse included specific details and was sufficient to support the abuse finding (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424 [1st Dept 2017]). The Family Court properly rejected the detective's testimony that the stepdaughter initially recanted the allegations, given that the detective questioned the child with her stepfather in the next room, in violation of interview protocols. Additionally, the detective interviewed the child without warning in her bedroom after waking her up in the middle of the night.
The Family Court properly precluded the testimony of respondent's expert witness regarding respondent's lack of pedophilic tendencies as not material and relevant to the proceedings (see Matter of Isaiah F. [Alexander W.], 68 AD3d 627, 628 [1st Dept 2009]; see also Matter of Aryeh-Levi K., 134 AD2d 428, 429 [2d Dept 1987]).
Respondent argues that the attorney for the stepdaughter was improperly permitted to ask leading questions when cross-examining her after she was called as petitioner agency's witness. We reject this argument for three reasons. First, respondent fails to identify a single question by the attorney for the stepdaughter that he claims was leading. Moreover, respondent's counsel was offered the opportunity to resume cross-examination of the witness following her attorney's cross-examination, which he declined. Second, whether and to what degree to permit leading questions of a child witness in a sexual abuse case lies within the sound discretion of the trial court, considering "the complainant's age, and the intimate and embarrassing nature" of the alleged offenses (People v Mendoza, 49 AD3d 559, 561 [2d Dept 2008], lv denied 10 NY3d 937 [2008]; see also People v Cuttler, 270 AD2d 654, 655 [3d Dept 2000], lv denied 95 NY2d 795 [2000]). Respondent fails to identify any way in which the Family Court abused its discretion. [*2]Finally, to the extent that Family Court improperly permitted counsel to ask leading questions of her client, we find this to be harmless error, since the Family Court's determination was based on facts elicited from other testimony and evidence. Indeed, virtually all of the child's testimony in response to questions on cross-examination by her counsel was duplicative of her testimony on direct and in response to cross-examination by other attorneys, including respondent's.
The finding of derivative abuse and derivative neglect as to the father's three biological children is supported by the record. Although there was evidence that respondent's biological children had positive interactions with him, at least one of the incidents of sexual abuse testified to by the stepdaughter occurred in the presence of one of respondent's biological children, and all of them occurred when his biological children were in the home and respondent was their sole caretaker. Respondent's youngest daughter is now the same age as his stepdaughter was when the abuse began. Accordingly, respondent's conduct demonstrated a fundamental defect in his understanding of the responsibilities of parenthood, and placed his biological children at imminent risk of abuse or neglect (see Matter of Marino S., 100 NY2d 361, 373-374 [2003], cert denied 540 US 1059 [2003]; Matter of Lesli R. [Luis R.], 138 AD3d 488, 489 [1st Dept 2016]; Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
We have considered the father's remaining contentions, including his allegations of judicial misconduct during the fact-finding hearing, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK