▮ In the Matter of PETER GG. and Others, Neglected Children. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER HH., Appellant. [828 NYS2d 613]—Mugglin, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered May 4, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of respondent's children.

---

Respondent's three children were previously adjudicated as neglected children and placed in the custody of petitioner. The present appeal is from an order which extended their placement until May 15, 2005, rendering this appeal moot (*see Matter of Marcel S.*, 15 AD3d 808, 809 [2005]; *Matter of Thomas JJ.*, 14 AD3d 953, 954-955 [2005]; *Matter of Miguel HH.*, 285 AD2d 692, 692-693 [2001]). Respondent's present argument—that Family Court's finding that he is mildly mentally retarded constitutes a permanent and significant stigma which might indirectly affect his status in any future termination proceeding—is not sufficient to invoke an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). In such a proceeding, this issue is reviewable because clear and convincing evidence must establish both mental retardation and that such condition, presently or for the foreseeable future, renders the individual unable to provide proper and adequate care for the child in question (*see Matter of Adam NN.*, 33 AD3d 1187, 1188 [2006]; *Matter of Henry W.*, 31 AD3d 940, 941-942 [2006], *lvs denied* 7 NY3d 711 [2006]; *Matter of Melissa LL.*, 30 AD3d 705, 707 [2006], *lvs denied* 7 NY3d 710 [2006]). Notably, a previous proceeding seeking to terminate respondent's parental rights was dismissed because the evidence failed to appropriately establish that respondent could not adequately address his mental retardation as it pertained to the care of his children (*Matter of Peter GG.*, 33 AD3d 1104, 1104 n [2006]).

Lastly, respondent's attempt to challenge Family Court's determination that he violated the order of supervision is not properly before us as no appeal was taken from that order (*see* CPLR 5515 [1]; *see also Symbax, Inc. v Bingaman*, 219 AD2d 552, 554 [1995]). Moreover, that order expired May 4, 2006, and is also moot.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.