■ In the Matter of ELIZABETH S., Appellant, and KATHERINE S. and Another, Children Alleged to be Abused and/or Neglected. DONA M., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant, et al., Respondent. [894 NYS2d 51]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about September 26, 2008, which, after the commencement of respondent mother's testimony at a fact-finding hearing, granted the mother's motion to dismiss the abuse and neglect petition as against her for failure to make out a prima facie case, unanimously reversed, on the law, without costs, the motion denied, the petition reinstated, and the matter remanded for a continued fact-finding hearing.

The court erred in finding that petitioner agency failed to establish prima facie that the mother should have known of respondent stepfather's sexual abuse of her daughter and taken appropriate action to protect her. The daughter testified, inter alia, that she had told her mother twice that she was being sexually harassed by the stepfather, that her mother had arranged the stepfather's regular visits to her bedroom at night (in an attempt to improve their relationship) and had approved of the massages the stepfather had given her, that her mother had ridiculed her claims and dismissed them as lies, that her mother deferred to the stepfather in all family matters, and that she knew her mother would not believe her. This testimony, which the court credited, as well as e-mails sent by the mother to the daughter's biological father that tended to contradict her claim that she had no knowledge of her daughter's sexual harassment complaints, made out a prima facie case of abuse (*see Matter of Jaquay O.*, 223 AD2d 422 [1996], *lv denied* 88 NY2d 801 [1996]). The burden then shifted to the mother to explain her conduct and rebut the evidence of her culpability (*Matter of Philip M.*, 82 NY2d 238, 244 [1993]). However, the motion to dismiss was made shortly after the mother began testifying but before she addressed the allegations against her, and the mother never gave an explanation that would rebut the

evidence of her culpability. Instead, the court observed that the mother's disinclination to believe her daughter's claims could be explained in light of other evidence, which included certain out-of-court statements made by the mother, about which petitioner and the law guardian had no opportunity to cross-examine her. Thus, the court apparently assumed, without evidentiary foundation, both that the mother would have testified that her daughter's allegations were fabricated and that a claim of fabrication would have constituted a reasonable explanation for her failure to take action to protect her daughter. Concur—Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.