∎ In the Matter of BRANDON M. and Another, Infants. LUIS M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [942 NYS2d 79]—

Appeal from order, Family Court, Bronx County (Karen Lupuloff, J.), entered on or about March 7, 2011, which directed respondent father to stay away from and not communicate with the subject children, except for agency-supervised visits if requested by the children, until March 6, 2012, unanimously dismissed, without costs, as moot.

Because the order of protection has expired, this appeal is moot (see Matter of Diallo v Diallo, 68 AD3d 411 [2009], lv dismissed 14 NY3d 854 [2010]).

Contrary to respondent's contentions, the order of disposition is not properly before this Court since the notice of appeal makes no reference to that order and only attached the order of protection (see CPLR 5515 [1]; Matter of Peter GG., 36 AD3d 1004, 1005 [2007]).

Were we to reach the merits, we would find that a preponderance of the evidence establishes that respondent sexually abused his step granddaughter (Family Ct Act § 1012 [e] [iii]; § 1046 [b] [i]). The step granddaughter's out-of-court statements to the social worker and in medical records were admitted without objection in the joint proceedings against respondent and the girl's parents. These statements sufficiently corroborated the out-of-court statement of one of the subject children that he saw respondent with his hand down the front of his step granddaughter's pants, while respondent's pants were open (see Matter of Anahys V. [John V.], 68 AD3d 485, 486 [2009], lv denied 14 NY3d 705 [2010]).

The derivative finding that respondent abused and neglected his biological children based on the finding that he sexually abused his stepgrandchild is also supported by a preponderance of the evidence (see Family Ct Act § 1046 [a] [i]). One of the subject children witnessed the sexual abuse and the other child was present in the apartment at the time the abuse took place. Respondent's actions demonstrated that he has a fundamental

defect in his understanding of his parental obligations (*see Matter of Marino S.*, 100 NY2d 361, 373-375 [2003]).

Contrary to respondent's contention, the court was entitled to draw a negative inference against him based on his failure to testify in the proceedings (*see Matter of Dashawn W. [Antoine N.]*, 73 AD3d 574, 575 [2010], *lv dismissed* 16 NY3d 767 [2011]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Mazanet-Daniels and Román, JJ.