■ In the Matter of Louis N., a Child Alleged to be Abused and/or Neglected. Dawn O., Appellant; Administration for Children's Services, Respondent. [952 NYS2d 1]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about June 28, 2011, which, after a fact-finding determination that respondent mother had abused and neglected the subject child, awarded custody of the child to the grandmother, and order, same court and Judge, also entered on or about June 28, 2011, which granted the grandmother's petition for custody of the child, unanimously affirmed, without costs. Appeal from order of protection, same court and Judge, entered on or about June 28, 2011, which, among other things, directed that the mother stay away from the child, except for visitation approved by the grandmother, until June 28, 2012, unanimously dismissed, without costs, as moot.

The mother failed to preserve her arguments that Family

Court issued an unauthorized disposition (*see generally Matter of Toshea C.J.*, 62 AD3d 587 [1st Dept 2009]). Were we to review them, we would find that Family Court appropriately held a consolidated dispositional hearing to resolve the custody and abuse/neglect petitions (*see* Family Ct Act § 1055-b [a]). We would further find that compliance with the Interstate Compact on the Placement of Children (ICPC) was not required because the award of custody to the out-of-state grandmother was made under article 6 of the Family Court Act (*see* Family Ct Act § 1055-b [a]), to which the ICPC does not apply (*see* Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 651 at 123 [2009 ed]).

A preponderance of the evidence at the consolidated dispositional hearing showed that extraordinary circumstances existed supporting an award of custody to a nonparent and that it was in the best interests of the child to award custody to the grandmother (*see* Family Ct Act § 1055-b [a]). The child, who is learning disabled and educationally delayed, is now 10 years old, and for 2½ years he has been living in the loving and stable home of his grandparents, who meet all of his needs and who have addressed the health and emotional problems from which he suffered at the time of his arrival. By contrast, the mother, who was absent from court proceedings for over a year, has not demonstrated any remorse or insight into her parental shortcomings.

Because the order of protection has expired, the appeal from the order is moot (*see Matter of Brandon M. [Luis M.]*, 94 AD3d 520, 520 [1st Dept 2012]; *Matter of Diallo v Diallo*, 68 AD3d 411 [1st Dept 2009], *lv dismissed* 14 NY3d 854 [2010]). Were we to reach the merits, we would find that Family Court providently exercised its discretion in issuing the order, given the evidence of abuse and neglect (*see* Family Ct Act § 1056 [1]).

We have considered the mother's remaining contentions, including her argument that the grandmother did not have standing to file a custody petition, and we find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.