Orders of disposition, Family Court, New York County (Clark V Richardson, J.), entered on or about June 11, 2013, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding determination that respondent father sexually abused his daughters Danieda R. and Daniela R., unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Judge, entered on or about May 4, 2013, unanimously dismissed, without costs, as superceded by the appeal taken from the orders of disposition.
The finding that respondent sexually abused his two daughters was supported by a preponderance of the evidence, including the sworn testimony of the daughters (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Matter of Christina G. [Vladimir G.], 100 AD3d 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). There exists no basis to disturb the court’s credibility determinations (see generally Matter of Irene O., 38 NY2d 776 [1975]). Furthermore, the record shows that respondent presented no credible evidence to explain his conduct except to *638 claim that he was never alone with his daughters. However, this testimony was contradicted by his own testimony and that of his wife (see Matter of Elizabeth S. [Dona M.], 70 AD3d 453 [1st Dept 2010]).
The record also demonstrates by a preponderance of the evidence that respondent inappropriately touched his daughters for the purpose of gratifying his sexual desire. In this regard, the court properly drew a negative inference against him as to that issue, because gratification may be inferred from the totality of the circumstances and respondent failed to offer an innocent explanation for his actions (see Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]).
Concur—Mazzarelli, J.E, Acosta, Freedman, Richter and Clark, JJ.