■ In the Matter of LESLI R. and Others, Children Alleged to be Abused. LUIS R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [29 NYS3d 317]—

Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about January 21, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 2, 2014, which found that respondent sexually abused his stepdaughters and derivatively abused his five biological children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The record supports the court's determination that respondent was a person legally responsible for the children who were referred to as his stepdaughters, and that a preponderance of the evidence demonstrated that he sexually abused them (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; *Matter of Shirley C.-M.*, 59 AD3d 360, 360 [1st Dept 2009]). Contrary to respondent's contention, his stepdaughters' out-of-court statements that he was inappropriately touching them was sufficiently corroborated by his own out-of-court statements that although he knew that his "rough housing" was making them uncomfortable, he continued touching them (*see Matter of*

*N. & G. Children*, 176 AD2d 504, 504-505 [1st Dept 1991]). The fact that one of the stepdaughters vaguely recanted her statements did not render her initial statements incredible as a matter of law (*see Matter of Shawn P.*, 266 AD2d 907, 908 [4th Dept 1999], *lv denied* 94 NY2d 760 [2000]). Moreover, the fact that the stepdaughters did not have a physical injury or other corroboration does not require a different result (*see Matter of Jonathan F.*, 294 AD2d 121 [1st Dept 2002], citing *Matter of Danielle M.*, 151 AD2d 240, 242-243 [1st Dept 1989]).

Upon petitioner establishing its prima facie case, the burden shifted to respondent to explain his conduct and rebut the evidence of his culpability, but he presented no credible evidence in his defense (*see Matter of Elizabeth S. [Dona M.]*, 70 AD3d 453, 453-454 [1st Dept 2010]). Respondent's intent to gain sexual gratification was properly inferred from his continuing to touch his stepdaughters even after he was told he was making them uncomfortable (*see Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2d Dept 2010]).

A preponderance of the evidence in the record supports the Family Court's determination that respondent derivatively abused his own five children. Petitioner's caseworker testified that one of respondent's stepdaughters told her that three of the other children were present on the bottom bunk when respondent sexually abused her, and thus, his actions demonstrated that he has a fundamental defect in his understanding of his parental obligations (*see Matter of Marino S.*, 100 NY2d 361, 373-375 [2003], *cert denied* 540 US 1059 [2003]; *Matter of Brandon M. [Luis M.]*, 94 AD3d 520, 520-521 [1st Dept 2012]).

The Family Court providently exercised its discretion in granting the motion of the stepdaughters' attorney to quash respondent's subpoena to compel one of his stepdaughters to testify at the hearing because the letter from the child's psychotherapist and the affidavit from the child's social worker provided evidence of the potential psychological harm that testifying would cause to the child (*see Matter of Imman H.*, 49 AD3d 879, 881 [2d Dept 2008]; *Matter of Jennifer G.*, 261 AD2d 823 [4th Dept 1999]). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.