Matter of Ada G.-L. (Christopher G. -L.) (2020 NY Slip Op 06450)





Matter of Ada G.-L. (Christopher G. -L.)


2020 NY Slip Op 06450


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Docket No. NA-6486/17 Appeal No. 12357-12357A Case No. 2018—5524 

[*1]In the Matter of Ada G.-L., a Child Under 18 Years of Age Alleged to be Abused/Neglected Under Article 10 of the Family Court Act. Christopher G. -L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias-ColÓn, J.), entered on or about October 12, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 11, 2018, which found that respondent father sexually abused the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of sexual abuse is supported by a preponderance of the evidence (see Family Court Act §§ 1012[e][iii][A]; 1046[b][i]). The child's out-of-court statements were corroborated by her other adoptive father, then separated from respondent, and his partner's testimony, which was consistent with the caseworker's testimony about the statements the child had made to investigators, and the child's hearing testimony was consistent with those statements (see Matter of Crisnell F. [Dennis V.], 172 AD3d 546 [1st Dept 2019]). There is no basis for disturbing the court's credibility determinations.
Respondent failed to rebut the evidence of his culpability (see Matter of Elizabeth S. [Dona M.], 70 AD3d 453, 453-454 [1st Dept 2010]; Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]). He offered no innocent explanation as to his actions, and, absent any other explanation, his intent to gain sexual gratification was properly inferred from the act itself (see Matter of Dorlis B. [Dorge B.], 132 AD3d 578 [1st Dept 2015]; Penal Law § 130.00[3]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020