Matter of K.B. (Juan P.) (2024 NY Slip Op 05823)

Matter of K.B. (Juan P.)

2024 NY Slip Op 05823

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Docket No. NA-8003/21 Appeal No. 3087-3087A Case No. 2023-04961 

[*1]In the Matter of K.B., A Child Under Eighteen Years of Age, etc., Juan P. Respondent-Appellant, Administration for Children's Services, * Petitioner-Respondent.

The Bronx Defenders, Bronx (Sean Eagan of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Lauren L. O'Brein of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about August 23, 2023, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 26, 2023, which found that respondent grandfather abused the subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the court's determination that the grandfather abused the child by committing the offense of forcible touching under Penal Law § 130.52 (see Family Court Act §§ 1012 [e][iii][A]; 1046[b][i]). The child credibly testified that the grandfather had smacked and caressed the child's buttocks on numerous occasions, that he asked the child to take a shower with him, and that he was asked by the child to stop his unwanted contact and did not. An intent to "gratify[ ] the actor's sexual desire" under Penal Law § 130.52 can be inferred, as here, from the conduct itself and his refusal to stop when asked (see Matter of Lesli R. [Luis R.], 138 AD3d 488, 489 [1st Dept 2016]).
Although the grandfather maintains that his conduct was intended to be a joke, Family Court did not find this explanation credible, and we accord deference to its credibility determinations (see Matter of Brittney B. [Marcelo B.], 211 AD3d 426, 426-427 [1st Dept 2022]). Contrary to the grandfather's contention, his status as a person legally responsible for the child and their close relationship provide no basis to disturb the court's findings, particularly since the grandfather was the only person who engaged in the forcible touching, negating his assertion the smacking and caressing of the child's buttocks was a family joke (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024