■ Lig Shing Zee et al., Respondents, v Hwa-Min Hsu, Appellant, et al., Defendants. [679 NYS2d 295] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 7, 1998, which, to the extent appealed, denied defendant-appellant's motion to dismiss the complaint pursuant to CPLR 3211 and 3212, unanimously affirmed, with costs.

Any unwaived jurisdictional claims appellant may have had related to personal and not subject matter jurisdiction and were, moreover, resolved in a prior order of the IAS Court not now before us. In any event, since the action was commenced prior to the January 1, 1993 advent of the CPLR's "commencement by filing" provisions, "plaintiff's failure to file proof of service until more than three years after [service had been effected] was a nonjurisdictional defect that, absent prejudice, could be cured by the granting of leave to file nunc pro tunc" (*Rahi v Fang*, 245 AD2d 13, 14).

We agree with the IAS Court that plaintiffs have sufficiently alleged wrongs upon them individually to bring an action in their own right (*see, Abrams v Donati*, 66 NY2d 951, 953; *International Credit Brokerage Co. v Agapov*, 249 AD2d 77, 78).

We have considered appellant's other arguments and find them to be without merit. Concur—Lerner P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.

■ In the Matter of Ian C., a Person Alleged to be a Juvenile Delinquent, Appellant. [679 NYS2d 296] —Appeal from an order of disposition, Family Court, New York County (Ruth Zuckerman, J.), entered on or about May 23, 1997, which, to the extent appealed from, placed appellant with the New York State Division for Youth, limited secure, for up to 18 months, unanimously dismissed, without costs.

The record reflects that appellant consented to the placement set forth in the dispositional order. Since no appeal lies from an order entered on consent (*Matter of Michael CC.*, 216 AD2d 740), this appeal is dismissed. Were we to address the merits, we would find that the court properly exercised its discretion in placing appellant in a limited secure setting, based upon the Probation Department reports, evaluations submitted by examining psychologists, and appellant's history of difficulties in various schools previously attended (*Matter of Jason L.*, 246 AD2d 444). Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.