■ In the Matter of BABY GIRL L., Also Known as FAITH HEAVEN L., a Child Alleged to be Neglected. MARK DUNALD B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [48 NYS3d 127]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about February 25, 2016, to the extent it found, after a hear-

ing, that respondent father had neglected the subject child, unanimously affirmed, without costs. Appeal from same order, insofar as it directed respondent to, among other things, complete a sex offender treatment program and comply with random drug and alcohol screening, unanimously dismissed, without costs.

Petitioner agency established by a preponderance of the evidence that the subject child's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of respondent's transient lifestyle and inability to provide adequate shelter or make provisions for the child (see Family Ct Act § 1012 [f] [i] [A]; *Matter of Rakeem M. [Marissa M.],* 139 AD3d 622, 623 [1st Dept 2016]). Family Court properly relied on prior findings of neglect entered against respondent with respect to his other children, as the prior findings were sufficiently close in time to the instant petition and respondent had not ameliorated the conditions giving rise to the prior findings (see *Matter of Camarrie B. [Maria R.],* 107 AD3d 409, 409 [1st Dept 2013]; *see generally Matter of Cruz,* 121 AD2d 901, 902 [1st Dept 1986]).

No appeal lies from the dispositional portion of Family Court's order, since the record reflects that respondent consented to the requirements set forth in the order, and he does not argue otherwise (see *Matter of Shaniyah D.C. [Olivia C.],* 143 AD3d 608, 608 [1st Dept 2016]). Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.