■ In the Matter of MARKEITH G. and Others, Children Alleged to be Abused. DEON W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [58 NYS3d 359]—

Order of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about March 15, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 15, 2016, which found that respondent-appellant sexually abused one of the subject children and derivatively abused the two others, unanimously affirmed, and the appeal from the order of disposition otherwise dismissed, without costs, as taken from a nonappealable order. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Appeal from order of protection, same court and Judge, entered on or about March 15, 2016, unanimously dismissed, without costs, as taken from a nonappealable order.

The Family Court's determination that respondent sexually abused the female child is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Shirley C.-M.*, 59 AD3d 360, 360 [1st Dept 2009]). That child's in-court testimony regarding the sexual abuse respondent inflicted upon her was sufficient to support the abuse finding (*see Matter of Fendi B. [Jason B.]*, 142 AD3d 878 [1st Dept 2016]). There is no basis for disturbing the court's credibility determinations, including its evaluation of the alleged inconsistencies in the child's testimony (*see id.*). Respondent's intent to gain sexual gratification from the acts described by the child was properly inferred from the acts themselves, especially given the lack of any other explanation (*see Matter of Dorlis B. [Dorge B.]*, 132 AD3d 578, 579 [1st Dept 2015]).

The Family Court properly drew a negative inference from respondent's failure to testify at the fact-finding hearing (*see Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659, 660 [1st Dept

2013]). The criminal case pending against him at the time of the hearing did not deprive the court of the right to draw on adverse inference from his failure to testify (*see Matter of Rachel S.D. [Luis N.]*, 113 AD3d 450 [1st Dept 2014]; *Matter of Jonathan Kevin M. [Anthony K.]*, 110 AD3d 606, 607 [1st Dept 2013]).

A preponderance of the evidence supports the Family Court's determination that respondent derivatively abused the two male children. The female child's testimony that the male children were sleeping in the same bedroom as she when respondent sexually abused her establishes that respondent's parental judgment and impulse control were so defective as to create a substantial risk of harm to any child in his care (*see Matter of Marino S.*, 100 NY2d 361, 373-375 [2003], *cert denied* 540 US 1059 [2003]; *Matter of Brandon M. [Luis M.]*, 94 AD3d 520, 520-521 [1st Dept 2012]).

The order of disposition and the order of protection are not appealable, because they were entered on consent (*see Matter of Ian C.*, 254 AD2d 132 [1st Dept 1998]). Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.