■ In the Matter of DEMETRIUS C. and Another, Children Alleged to be Abused and Neglected. DAVID C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. EPIFANIA C., Nonparty-Intervenor-Respondent. In the Matter of EPIFANIA C., Respondent, v DAVID C., Appellant. [66 NYS3d 484]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 19, 2015, which found that re-

spondent father had abused his daughter and neglected his son, unanimously modified, on the law and the facts, to vacate the finding of derivative neglect of the son, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about February 17, 2016, which, to the extent appealed from as limited by the briefs, granted petitioner mother's petition seeking to modify a prior custody order, only to the extent of setting a visitation schedule for the father and otherwise marking the matter "settled," unanimously modified, on the law and the facts, to vacate the settled marking, remanded for a hearing on relocation, in accordance herewith, and otherwise affirmed as to the visitation schedule, without costs.

Family Court's determination that the father sexually abused his daughter is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). The child's in-court testimony regarding the sexual abuse inflicted upon her was sufficient to support the abuse finding (Matter of Markeith G. [Deon W.], 152 AD3d 424, 424 [1st Dept 2017]). There is no basis for disturbing the court's credibility determinations, including its evaluation of the inconsistencies in the child's testimony, which were at any rate minor and peripheral (id.; Matter of Fendi B. [Jason B.], 142 AD3d 878, 878 [1st Dept 2016]). Nor was the child's inability to recall certain details of the abuse, which occurred six years prior, sufficient to render the whole of her testimony incredible (see Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176-1177 [2d Dept 2010]). Family Court properly drew a negative inference from the father's failure to testify at the fact-finding hearing, notwithstanding the ongoing criminal investigation (see Markeith, 152 AD3d at 424-425).

However, Family Court's determination that the father derivatively neglected his son was not supported by a preponderance of the evidence. The neglect finding was based entirely on the father's alleged sexual abuse of his daughter, which had occurred six years earlier. In addition, the children are differently situated such that the father's conduct toward his daughter is insufficient to demonstrate that the son is at risk of harm (see Matter of Cadejah AA., 33 AD3d 1155, 1158 [3d Dept 2006]). There is no evidence that the father's sexual abuse of his daughter was ever directed at his son, or that the son, who was much younger than the daughter, was aware of the abuse (Matter of Cindy JJ., 105 AD2d 189, 191 [3d Dept 1984]). Moreover, there was no evidence that the child was ever at risk of becoming impaired, although he had supervised and unsupervised visits with the father, during the six years following the abuse.

We find no error in the court modifying visitation to reflect the current situation, that the son is not presently in New York, but Family Court should not have deemed the mother's relocation petition settled. The issue of whether the mother could relocate with the child was not settled, and therefore, a hearing was required (*Matter of Lela G. v Shoshanah B.*, 151 AD3d 593, 594 [1st Dept 2017]). The mother, unilaterally moved with the children to Florida, before there was a hearing on the petition, and without judicial or the child's father's approval. The relocation petition was not settled, notwithstanding that the court properly modified the father's visitation with the son based on the parties' submissions and an in camera interview with the child. The mother's move to Florida, under the circumstances of this case, did not render a determination on whether such move was in the son's best interests academic (*see Matter of Angel D. v Nieza S.*, 131 AD3d 874 [1st Dept 2015]).

We have considered the father's remaining arguments and find them unavailing. Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.