Matter of Ayanna P. (Darryl B.) (2020 NY Slip Op 03622)





Matter of Ayanna P. (Darryl B.)


2020 NY Slip Op 03622


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


32184/17 11720A -32185/17 -32186/17 -32187/17 11720

[*1] In re Ayanna P. and Others, Children Under Years of Age, etc., Darryl B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children Ayanna P., Tyshay M., and Travis M.
Daniel R. Katz, New York, attorney for the child Prince B.



Order of disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about August 5, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 5, 2019, which found that respondent sexually abused the child Ayanna P., and derivatively abused the children Tyshay M., Travis M., and Prince B., unanimously modified, on the law, to vacate the finding of derivative abuse as to Prince B., and otherwise affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court's determination that respondent sexually abused Ayanna, his 15-year-old granddaughter, is supported by a preponderance of the evidence (see Family Court Act § 1046[b][I]). The child's in-court testimony is sufficient to support the finding (see Matter of Markeith G. [Deon W.], 152 AD3d 424 [1st Dept 2017]). The court determined that, despite some inconsistencies, the child's testimony was credible with respect to key aspects of her account, which remained consistent throughout, and we see no basis for disturbing that determination (see Matter of N.D. [G.D.], 165 AD3d 416 [1st Dept 2018]). The court properly drew a negative inference from respondent's failure to testify at the fact-finding hearing, notwithstanding the ongoing criminal investigation (Matter of Markeith G., 152 AD3d at 424-425).
The court's determination that respondent derivatively abused Prince B., his son, is not supported by a preponderance of the evidence. Prince is situated so differently from Ayanna that respondent's conduct toward Ayanna is insufficient to demonstrate that Prince is at risk of harm (see Matter of Demetrius C. [David C.], 156 AD3d 521, 522 [1st Dept 2017], lv dismissed 31 NY3d 926 [2018]). There is no evidence that respondent's sexual abuse of his granddaughter was ever directed at his son or that his son was aware of the abuse and no evidence that Prince was ever at
risk of impairment (see id.).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK