Matter of Maria S. (Angel A.) (2020 NY Slip Op 03842)





Matter of Maria S. (Angel A.)


2020 NY Slip Op 03842


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11770 -3/17

[*1] In re Maria S., and Others, Children Under Eighteen Years of Age etc., Angel A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Valerie A. Pels, J.), entered on or about July 10, 2019, which, to the extent appealed from as limited by the briefs, after a hearing, determined that respondent Angel A. abused the child Maria S. and derivatively abused the children Jordanny P. and Swander A., unanimously affirmed, without costs.
The court's determination that respondent sexually abused Maria is supported by a preponderance of the evidence (see Family Court Act § 1046[b][I]). The child's in-court testimony, which the court credited, that respondent, her stepfather, digitally penetrated her vagina is sufficient to support the abuse finding (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424 [1st Dept 2017]). There is no basis for disturbing the court's credibility determinations, which included an evaluation of the alleged inconsistencies in the child's testimony (see id.). Contrary to respondent's contention, sexual gratification can be inferred from the act itself (People v Leonard, 29 NY3d 1, 8 [2017]; see Matter of Shannon K., 222 AD2d 905, 906 [3d Dept 1995]).
The court's determination that respondent derivatively abused Jordanny and Swander is supported by a preponderance of the evidence. Respondent sexually abused Maria with the other children sleeping in a nearby room while their mother was at work and he was their sole caretaker. Respondent's conduct demonstrates parental judgment and impulse control so defective as to create a substantial risk of harm to the children in his care (see Markeith G., 152 AD3d at 425; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK