Matter of Itzel A. (Jose V.) (2020 NY Slip Op 06443)





Matter of Itzel A. (Jose V.)


2020 NY Slip Op 06443


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Docket No. NA-33178-80/17 Appeal No. 12367 Case No. 2019-04617 

[*1]In the Matter of Itzel A., and Others, Children Under Eighteen Years of Age, etc., Jose V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), for Itzel A., and Jaidi A.., attorney for the children.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Madelin A., attorney for the child.



Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about October 11, 2019, which, after a hearing, found that respondent sexually abused Itzel A., and derivatively abused Jaidi A., children for whom he was legally responsible, and derivatively abused his daughter Madelin A., unanimously modified, on the law and the facts, to the extent of vacating the finding of derivative abuse as to Madelin A., and otherwise affirmed, without costs.
Family Court's determination that respondent sexually abused Itzel A. was supported by a preponderance of the evidence (see Family Ct Act §1046[b][i]). Her out-of-court statements regarding the sexual abuse were properly corroborated by her sister Jaidi, and thus sufficient to support the abuse finding (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118 [1987]). There is no basis for disturbing the court's credibility determinations, including its evaluation of the alleged inconsistencies in Itzel's accounts of the abuse (see Matter of Markeith G. [Deon W.], 152 AD3d 424 [1st Dept 2017]). Moreover, Family Court properly drew a negative inference from respondent's failure to testify (see e.g. Matter of Elijah T. [Clayton T.], 174 AD3d 436, 437 [1st Dept 2019]).
However, Family Court's determination that respondent derivatively abused his biological daughter was not supported by a preponderance of the evidence. The finding was based entirely on the alleged sexual abuse of Itzel, which had occurred three years before these abuse proceedings were commenced, during which time respondent resided with the children. There was no evidence that respondent's sexual abuse was ever directed at his daughter, or that she was even aware of the abuse. Furthermore, there was no evidence that the daughter was ever at risk of becoming impaired, even though she lived with respondent for three years following the abuse. Accordingly, we
vacate the finding of derivative abuse as to respondent's daughter (see Matter of Demetrius C. [David C.], 156 AD3d 521, 522 [1st Dept 2017], lv dismissed 31 NY3d 926 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020