Matter of L.G. (E.R.) (2021 NY Slip Op 02066)





Matter of L.G. (E.R.)


2021 NY Slip Op 02066


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Docket No. N13963/18 Appeal No. 13471-13471A Case No. 2020-02812 

[*1]In the Matter of L.G. and Another, Children Under Eighteen Years of Age, etc., E.R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child, L.G.
Steven P. Forbes, Huntington, attorney for the child, E.R.



Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about May 27, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 7, 2020, which found that respondent sexually abused L.G. for whom he was legally responsible and derivatively neglected his biological child E.R., unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court's determination that respondent sexually abused the older child is supported by a preponderance of the evidence (see Family Court Act § 1046[b][i]). The child's in-court testimony, which the court credited, that respondent, whom the child considered a stepfather, subjected the child to a pattern of oral sexual contact which progressed to sexual intercourse with the child on multiple occasions was sufficient to support the abuse finding (see Matter of Ayanna P. [Darryl B.], 184 AD3d 542 [1st Dept 2020]; see also Matter of Maria S. [Angel A.], 185 AD3d 437 [1st Dept 2020]). There is no basis for disturbing the court's credibility determinations, which included an evaluation of the alleged inconsistencies in the child's testimony (see id.).
The court's determination that respondent derivatively neglected his own child is also supported by a preponderance of the evidence. Respondent sexually abused the older child while their mother was at work and he was the children's sole caretaker. Respondent's conduct demonstrated parental judgment and impulse control so defective as to create a substantial risk of harm to any child in his care (see id.).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021