Matter of C'D. K.J. (Kamesha D.L.) (2023 NY Slip Op 04930)

Matter of C'D. K.J. (Kamesha D.L.)

2023 NY Slip Op 04930

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Docket No. N-30754/19, N-30755/19, N-30756/19, NN-08548/20 Appeal No. 672-672A Case No. 2022-01691 

[*1]In the Matter of C'D. K.J. and Others, Children Under Eighteen Years of Age, etc., Kamesha D.L. et al., Respondents-Appellants, Commissioner of the Administration for Children's Services of the City of New York, Petitioner-Respondent. Dkt. Nos.

Steven N. Feinman, White Plains, for Kamesha D.L., appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Craig P., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child C'D K.J.
Andrew J. Baer, New York, attorney for the children C J.P. III, A'D J.P. and K A.L.

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about March 30, 2022, to the extent it brings up for a review a fact-finding order, same court and Justice, entered on or about March 10, 2022, which found that respondents, the mother, and the father, neglected the three older subject children and derivatively neglected the youngest subject child, unanimously affirmed, without costs. Appeals from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeals from the order of disposition.
The findings of neglect against the mother and the father were supported by a preponderance of the evidence (Family Ct Act § 1046[b][i]). There is no basis to disturb the court's credibility determinations (see Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). The credible evidence established that the mother and the father took no steps to protect C. and A'D. after being informed that the children's older brother, C'D., may have been touching them inappropriately (see Family Ct Act § 1012[f][i][B]; Matter of Saaphire A.W. [Lakesha B.], 204 AD3d 488, 488 [1st Dept 2022]). The evidence shows the mother and the father continued to let C'D. sleep with C. and A'D. in the same bedroom, despite having discussed the implementation of a safety plan for the children with the police. C.'s and A'D.'s out-of-court statements to the ACS caseworker were sufficient to support the findings, as their statements were cross-corroborative (see Matter of Nicole V., 71 NY2d 112, 124 [1987]; Matter of Genesis F. [Xiomaris S.], 121 AD3d 526, 526 [1st Dept 2014]).
The court's finding that the mother had neglected A'D. by intentionally burning her face with a cigarette for "making noise" was also supported by a preponderance of the credible evidence (see Matter of Chance R. [Andre W.], 168 AD3d 554, 555 [1st Dept 2019]; Matter of Anthony C., 201 AD2d 342, 342-343 [1st Dept 1994]).
The foregoing findings of neglect warranted the finding of derivative neglect as to the youngest child, K. (see Family Ct Act § 1046[a][i]; Matter of Samiyah H. [Sammie H.], 187 AD3d 540, 540 [1st Dept 2020]). The prior neglect and permanent neglect findings entered against the mother with respect to C'D. and an older sibling provided an additional basis for a derivative neglect finding against the mother, given that the mother has not ameliorated the conditions that led to those findings as of this proceeding (see Matter of Cheron B. [Vanessa G.], 157 AD3d 618 [1st Dept 2018]; Matter of Baby Girl L. [Mark Dunald B.], 147 AD3d 683, 684 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023