Matter of E.R. (Donna C.) (2024 NY Slip Op 06172)

Matter of E.R. (Donna C.)

2024 NY Slip Op 06172

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Docket No. NN-25309/23, NN-25310/23, NN-25311/23 Appeal No. 3206 Case No. 2024-01373 

[*1]In the Matter of E.R. and Another, Children Under Eighteen Years of Age, etc., Donna C. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Shane A. Magnetti of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (E. Grace Park, J.), entered on or about January 29, 2024, which, after a hearing, found that respondent mother neglected the subject children, and placed the children in the custody of the Administration for Children's Services until the next permanency hearing scheduled for February 16, 2024, and directed, among other things, that respondent shall continue to have supervised visits with the children, unanimously affirmed, without costs.
The finding of neglect against respondent is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Gelani M. [Paul M.], 222 AD3d 484, 485 [1st Dept 2023]). The evidence adduced at the fact-finding hearing showed that the mother engaged in a violent physical altercation with the building superintendent in the children's presence and caused injuries to his neck. During the confrontation, she encouraged her then six-year-old son to hit the superintendent with a metal pipe by demonstrating how he should swing it. Respondent's actions also put the children at direct risk of harm because the youngest child's stroller was knocked to the ground during the incident, resulting in the child suffering abrasions to the side of her face. When the police officers arrived at the scene, respondent cursed at them, kicked at and hit them in front of all three children. The court properly concluded that the record demonstrated that the children's emotional and mental condition had been impaired, or was in imminent danger of becoming impaired, as a result of witnessing respondent physically attack the superintendent and the officers and that the harm to the children was a consequence of respondent's failure to exercise a minimum degree of care (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The court properly drew a negative inference against respondent for failing to testify, even though her refusal was due to the pending criminal charges against her (see Matter of Ayanna P. [Darryl B.], 184 AD3d 542, 543 [1st Dept 2020]).
Even a single incident is sufficient to support a finding of neglect because respondent's judgment was strongly impaired, exposing the children to a substantial risk of harm (see Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). Furthermore, the court properly relied on the 2021 neglect finding against respondent in connection with her stabbing her ex-boyfriend with a knife in the children's presence because the prior findings were sufficiently close in time to the instant petition and also involved respondent physically attacking another individual (see Matter of Baby Girl L. [Mark Dunald B.], 147 AD3d 683, 684 [1st Dept 2017]).
Respondent's challenge to the dispositional part of the order has been rendered moot by the expiration of the terms of the order (see Matter of Adam T. [Artut T.], 186 AD3d 1179, 1180 [1st Dept 2020]). On the merits, the court providently [*2]directed that the visits between respondent and children be supervised because there was no evidence that she had made any positive strides in overcoming the behavior that led to two separate neglect findings, such as committing acts of violence in the children's presence (see Matter of Romeo C. [Perla P.], 222 AD3d 473, 474 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024