In the Matter of JOEL O. and Another, Children Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; YVONNE O. et al., Appellants. [940 NYS2d 226]—

Order of fact-finding and disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about December 1, 2010, which, upon fact-findings that respondents neglected the child Kenneth O. and derivatively neglected the child Joel O., placed the children in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the

evidence that the younger child, who is autistic, suffered injuries that would ordinarily not occur absent acts or omissions of respondents, his caretakers (*Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]). The doctor who examined the child at the hospital testified that the child's injuries, which included multiple bruises on his body and a bruised lip, were not accidental and could not have been caused by adults trying to lift him off the ground, as the mother's boyfriend claimed. Respondents' explanation that the child was injured in school was not supported by any evidence. Indeed, the school psychologist denied that the child was ever lifted off the ground, and she noted that respondent mother had never complained about the child's treatment at the school, which he had attended for over two years, until shortly before he left.

The court was permitted to draw an adverse inference against the mother based on her failure to testify (*see Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]). In addition, the record shows that the mother's boyfriend, who resided with the mother and children during the relevant time and was an active participant in the children's lives, was a person legally responsible for the children within the meaning of Family Court Act § 1012 (g) (*see Matter of Samantha M.*, 56 AD3d 299, 300-301 [2008], *lv denied* 11 NY3d 716 [2009]).

The evidence supporting neglect of the younger child also supported the finding of derivative neglect of the older child (*see Matter of Samantha M.*, 56 AD3d 299, 301 [2008]; Family Ct Act § 1046 [a] [i]).

We have considered respondents' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.