[992 NYS2d 630]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PAUL D. HOUSE, Defendant.

City Court of Ithaca, September 3, 2014

### APPEARANCES OF COUNSEL

*Thomas H. Kheel*, Ithaca, for defendant.

*Gwendolyn P. Wilkinson, District Attorney*, Ithaca (*Wendy L. Franklin* of counsel), for plaintiff.

### OPINION OF THE COURT

SCOTT A. MILLER, J.

By decision dated June 11, 2014, Hon. Judith Rossiter granted

a *Huntley* hearing. However, defendant brought to this court's attention that the prior decision never addressed defendant's legal sufficiency motion. The court adjourned a July 7th *Huntley* hearing on July 3, 2014 pending a determination of this outstanding motion and deemed the motion submitted on such date. No oral argument has been requested.

Defendant House moves for dismissal of the accusatory instrument charging one count of forcible touching (Penal Law § 130.52) upon the ground that such is facially insufficient pursuant to CPL 100.40. The court has reviewed both the defendant's moving papers and the People's response in opposition thereto.

Here, the People allege that defendant House committed forcible touching (Penal Law § 130.52) in that House "intentionally, and for no legitimate purpose, forcibly touche[d] the sexual or other intimate parts of another person for the purpose of degrading or abusing such person; or for the purpose of gratifying the actor's sexual desire." The accusatory instrument, sworn to by Ithaca Police Department Investigator J.R. Huddle, states: "[T]he defendant, who is a staff member at [Lakeview Mental Health] did reach his hand up under the shirt of [A.M.], a resident at Lakeview Mental Health."

Complainant Huddle's accusatory instrument is based upon (1) a sworn statement from A.M. and (2) admissions made by the defendant.

For an information to be legally sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense charged and defendant's commission thereof (CPL 100.40). Subdivision (1) of CPL 100.40 expressly states that in order for an information to be legally sufficient:

> "(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
>
> "(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."

In *People v Casey*, the Court of Appeals explained, "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to

prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." (95 NY2d 354, 360 [2000].) In deciding a defense motion to dismiss an information for facial insufficiency, the court must view the allegations set forth in the information(s) and the supporting depositions in the light most favorable to the People. (*See People v Huhn*, 34 Misc 3d 1217[A], 2012 NY Slip Op 50128[U], *3 [Nassau Dist Ct 2012].) *Huhn* is unreported. *People v Mendelson* (15 Misc 3d 925 [Nassau Dist Ct 2007]) is reported. *Huhn* cites to *Mendelson*.

Forcible touching requires proof of five essential elements: (i) lack of consent; (ii) intent; (iii) forcible touching of; (iv) the sexual or intimate parts of the alleged victim; and (v) for the purpose of degrading or abusing the alleged victim, or, for the purpose of gratifying the actor's sexual desire. (Penal Law § 130.52.)

## Element 1: Lack of Consent

Penal Law § 130.05 states that lack of consent whether expressly stated in the statute or not is "an element of every offense" (in art 130 of the Penal Law). Lack of consent can result from:

> "(a) Forcible compulsion; or
>
> "(b) Incapacity to consent; or
>
> "(c) Where the offense charged is sexual abuse or *forcible touching*, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor's conduct." (Penal Law § 130.05 [2] [emphasis added].)

Viewing the evidence in the light most favorable to the People, Ms. A.M.'s sworn statements that she "didn't know how to tell him to stop" and "he makes me scared" are more than sufficient to satisfy the element of lack of consent.*

## Element 2: Intent

Ms. A.M.'s sworn statement sufficiently satisfies the element that defendant's conduct was intentional. Defendant's version

---

* Penal Law § 130.05 (3) (i) provides that a person is incapable of consent when she is a resident or inpatient of a residential facility operated, licensed or certified by (i) the office of mental health or (ii) the office for people with developmental disabilities and the actor is an employee of such facility. It appears as though the People may also pursue lack of consent based upon this theory as Ms. A.M. is alleged to be a resident of Lakeview Mental Health and defendant is alleged to be an employee at the time of the incident.

of events that the conduct was accidental presents a factual dispute to be decided by the trier of fact. The court, for the purposes of a legal sufficiency motion, views Ms. A.M.'s version of events as true, and that version presents sufficient sworn allegations from which the court may infer that defendant's conduct was intentional.

### Element 3: Forcible Touching

Viewing the accusatory instrument, Ms. A.M.'s sworn statement, and defendant House's statement in the light most favorable to the People, the only suggestion of an alleged "forcible" touching of a sexual part comes from A.M.'s statement that defendant "*put* his hand up my shirt." A.M.'s statement does not provide any allegation that defendant touched any part of her skin, let alone a sexual part. To satisfy the requirement of a sexual part being touched, the court must turn to defendant's own statement, and for the purposes of this motion, the court must disregard defendant's claim of accident, and rather focus solely on defendant's statement that the contact with a sexual part occurred when A.M. "put[ ] her breast on his hand." However, the inquiry does not stop here. Now the court must determine, when viewing the accusations in the light most favorable to the People, is there sufficient evidence of a "forcible" touching, or does the information fall short and allege merely a "touching" without the requisite "forcible" requirement?

Penal Law § 130.52, forcible touching, requires a "*forcible touching*" of the sexual or other intimate part of a person for the purpose of degrading or abusing that person or for gratifying the actor's sexual desire. Under this statute, "forcible touching" includes "squeezing, grabbing or pinching." (*Id.*) In contrast, sexual abuse in the third degree (Penal Law § 130.55) requires sexual contact, which is defined as "*any touching.*"

The plain language of Penal Law § 130.52 is unambiguous. Conduct more than mere touching is required in order to be a violation under the statute. Under basic rules of statutory construction and interpretation, "statutory language is to be read in accordance with its ordinary and accepted meaning." (McKinney's Cons Laws of NY, Book 1, Statutes § 94, Comment; *see People v Nuruzzaman*, 8 Misc 3d 356 [Crim Ct, NY County 2005] [dismissing an information holding that the defendant's alleged act of placing his hand on and patting a woman's buttocks was insufficient with respect to the requirement that the touching be "forcible"]; *cf. People v Gowdy*, 38 Misc 3d 143[A],

2013 NY Slip Op 50263[U], *1 [App Term, 1st Dept 2013] [affirming defendant's conviction and holding that defendant's conduct in reaching under the victim's clothing and "rubbing" his hand "up and down the split of her buttocks"—was "forcible" within the meaning of the forcible touching statute]; *People v Valdivia*, 41 Misc 3d 127[A], 2013 NY Slip Op 51665[U] [App Term, 1st Dept 2013] [affirming defendant's conviction and holding allegations that at specified times and inside crowded subway trains, defendant "pressed" or "thrust" his exposed, erect penis against the complainants' buttocks without their consent was forcible].)

The Court of Appeals recently clarified just how much force is required in order to meet the "forcible" threshold requirement of Penal Law § 130.52. (*People v Guaman*, 22 NY3d 678 [2014].) In *Guaman* the defendant *"rubbed"* his exposed penis against another man's buttocks. Guaman claimed that the information was legally insufficient because the factual allegation that he "rubbed" his groin and exposed penis against the victim's buttocks did not establish the kind or level of force required by Penal Law § 130.52. The *Guaman* Court disagreed and explained that "forcible" touching need not involve a touching which causes pain or discomfort, but it suffices that the force employed be applied with both "pressure and friction" (*Id*. at 683). However, the Court also noted that a "forcible" touching requires more "pressure" than a mere touching, which would "only entail bringing a bodily part into fleeting contact with another's sexual or intimate parts." (*Id*. at 684.) Although the Court of Appeals explained that "any bodily contact involving the application of *some level of pressure* to the victim's sexual or intimate parts qualifies as a forcible touch," *Guaman* makes clear that mere touching without this minimal level of pressure is insufficient. (*Id*. [emphasis added].)

While defendant House's actions viewed in the light most favorable to the People could satisfy sexual abuse in the third degree (Penal Law § 130.55), the mere touching without pressure as alleged here does not rise to the level of a *"forcible"* touching. To hold differently would nullify the distinction between the "forcible" touching required under Penal Law § 130.52, a class A misdemeanor, and the lack of force, or mere touching contained within the definition of "sexual contact" under sexual abuse in the third degree, Penal Law § 130.55, a class B misdemeanor. (*People v Nuruzzaman*, 8 Misc 3d 356 [2005].)

The accusatory information and supporting documents are legally insufficient with respect to the element of force and consequently the forcible touching count must be dismissed.

## Element 4: Sexual Parts

Ms. A.M. does not provide any sworn statement that defendant House did anything more than "put his hand up my shirt," and this falls just short of supplying the element of "sexual or other intimate parts" as required by the forcible touching statute. However, defendant's statement to Investigator Huddle on February 28, 2014 (*see* CPL 710.30 notice by People) provides the necessary element of "sexual or other intimate parts" especially when read together with Ms. A.M.'s sworn statement. Investigator Huddle summarizes that defendant admitted that his hand made contact with Ms. A.M.'s breast. Although defendant claims the contact was accidental, this claim presents a factual issue to be decided by the trier of fact at time of trial. Ms. A.M.'s allegations that she was "scared" and "didn't know how to tell him to stop" when taken together with defendant's admission that his hand contacted her breast, when viewed in the light most favorable to the People, provides sufficient evidence that defendant made contact with the victim's breast, i.e., a "sexual or other intimate part."

## Element 5: For the Purpose of Degrading or Abusing the Alleged Victim, or, for the Purpose of Gratifying the Actor's Sexual Desire

The fifth element "for the purpose of degrading or abusing the alleged victim, or, for the purpose of gratifying the actor's sexual desire" can be inferred from the defendant's alleged conduct. The People have sufficiently satisfied this element. (*See People v Fuller*, 50 AD3d 1171 [3d Dept 2008].)

The forcible touching count against defendant House is therefore legally insufficient and defendant's motion is granted and the accusatory instrument is dismissed.