■ In the Matter of DIANA C., a Child Alleged to be Abused. FELIPE J., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent, et al., Respondent. [11 NYS3d 54]—Order of disposition, Family Court, Bronx County

(Linda Tally, J.), entered on or about February 6, 2014, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding determination that respondent-appellant sexually abused the subject child, Diana C, unanimously modified, on the facts, to vacate the finding as to appellant's violation of Penal Law § 130.67, and otherwise affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about December 30, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The court's finding that appellant sexually abused Diana in violation of Penal Law §§ 130.52, 130.55 and 130.60 was supported by a preponderance of the evidence, including the sworn testimony of the child, which the court found credible. There is no basis to disturb the court's credibility determination (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Daniela R. [Daniel R.]*, 118 AD3d 637 [1st Dept 2014]). Contrary to appellant's claim, a child's testimony is competent evidence and need not be corroborated by evidence of serious physical injury or by other evidence (*see Matter of Marelyn Dalys C.-G. [Marcial C.]*, 113 AD3d 569 [1st Dept 2014]). The court properly rejected appellant's testimony as self-serving, and noted that the mother's testimony conflicted with her consent to a neglect finding against her on the basis of the same allegations.

Petitioner concedes that it failed to prove that appellant violated Penal Law § 130.67. Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.