■ In the Matter of KARIME R. and Others, Children Alleged to be Abused. ROBIN P., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [46 NYS3d 581]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about September 18, 2014,* to the extent it brings up for review an order of fact-finding, same court and Judge, entered on or about September 24, 2014, which, among other things, found that respondent-appellant had sexually abused the oldest subject child and had derivatively abused the two youngest subject children, unanimously affirmed, without costs. Appeal from the fact-finding order, entered on or about September 24, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the order of fact-finding and disposition (one paper).

The record supports Family Court's determination that respondent was a person legally responsible for the care of the two oldest children when the sexual abuse occurred, because the oldest child's undisputed testimony permitted "an inference of substantial familiarity" between herself, her siblings and respondent at the time of the abuse (*Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414, 415 [1st Dept 2012] [internal quotation marks omitted]; Family Ct Act § 1012 [g]; *Matter of Joel O. [Yvonne O.]*, 93 AD3d 491, 492 [1st Dept 2012]).

A preponderance of the evidence supports Family Court's finding that respondent had sexually abused the oldest child and had derivatively abused the two youngest children (Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]). Family Court properly credited the oldest child's testimony, and any inconsistencies with her prior statements were minor and peripheral to her claim that respondent had inappropriately touched her (*see Matter of Kylani R. [Kyreem B.]*, 93 AD3d 556, 557 [1st Dept 2012]). Although the child's testimony was competent evidence that respondent had sexually abused her and did not have to be corroborated, the record shows that it was corroborated by the caseworker's testimony and by the child's records from the Children's Advocacy Center, which included the child's similar account of the sexual abuse (*see Matter of Marelyn Dalys C.-G. [Marcial C.]*, 113 AD3d 569, 569 [1st Dept 2014]). Respondent's

---

* The September 24, 2014 order memorialized a decision described on the record on September 18, 2014.

intent to gain sexual gratification from touching the child's breasts and vagina was properly inferred from the acts themselves, especially given the lack of any other explanation (*Matter of Dorlis B. [Dorge B.]*, 132 AD3d 578, 579 [1st Dept 2015]). Respondent's out-of-court statement that the child had misunderstood what had happened because he only hugged the child and did not mean to do it, confirmed the child's testimony that respondent had touched her and failed to rebut the evidence of his culpability (*see Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *see also Matter of Benjamin L.*, 9 AD3d 153, 155 [1st Dept 2004]).

Family Court was entitled to draw the strongest negative inference from respondent's failure to testify at the fact-finding hearing, notwithstanding the existence of pending criminal charges against him (*see Matter of Nicole H.*, 12 AD3d 182, 183 [1st Dept 2004]).

The derivative abuse findings are not undermined by the fact that, at the time of the abuse, the youngest child had not yet been born and the middle child was only an infant. Respondent's actions demonstrated that his parental judgment and impulse control were so defective as to create a substantial risk of harm to any child in his care (*see Matter of Nyjaiah M. [Herbert M.]*, 72 AD3d 567 [1st Dept 2010]). Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.