Matter of Jennifer V. (John S.) (2020 NY Slip Op 01719)





Matter of Jennifer V. (John S.)


2020 NY Slip Op 01719


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


30669/16 11270A -30670/16 11270

[*1] In re Jennifer V., and Another, Children Under Eighteen Years of Age, etc., John S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for appellant.
The Bronx Defenders, Bronx (Mara Fleder of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Marcia Egger of counsel), attorney for the children.



Orders of fact-finding and disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about December 24, 2018 and July 26, 2019, respectively, which, after a hearing, determined that appellant John S. did not sexually abuse the subject child for whom he was legally responsible (Jennifer V.) but found that he neglected the child and derivatively neglected his own child (Jenessa S.), unanimously affirmed, without costs.
A preponderance of the evidence supports the findings of neglect of Jennifer V. and Jenessa S. based on respondent's admission to smoking marijuana daily, Jennifer V.'s credible testimony that she regularly observed respondent going into the bathroom to smoke, and her observation of marijuana in the home (see Matter of Shaun H. [Monique B.], 161 AD3d 559, 559 [1st Dept 2018]). In response, appellant failed to rebut the agency's prima facie case by showing that he was voluntarily and regularly participating in a drug rehabilitation program (id.).
The Family Court also properly found that appellant neglected Jennifer V. by giving her unprescribed medication that made her feel drowsy and unable to walk. Contrary to appellant's contention, the child's credible and detailed testimony about the appearance, taste, and effects of the medication was not refuted by his denial of this conduct. Nor did the child's testimony require any scientific or expert corroboration to establish injury from the medication, because establishing ingestion was sufficient (see Matter of Diana C. [Felipe J.], 129 AD3d 487, 488 [1st Dept 2015]).
The Family Court correctly concluded, and the parties do not dispute, that there was no direct evidence of sexual abuse or sexual conduct in this case, and the agency did not establish, by "relevant, competent and material evidence" that respondent sexually abused Jennifer V. (Family Ct Act § 1046[b][iii]; Matter of Tammie Z., 66 NY2d 1 [1985]). Given the child's lack of certainty about whether appellant engaged in sexual contact with her, neither the medical evidence nor the testimony by her therapist, which was inconclusive on the issue of whether her physical symptoms and PTSD were caused by sexual abuse, were sufficient to satisfy the agency's burden on this charge.
We have considered the parties' remaining contentions and find them without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK