Matter of Xzandria B. (Nasheen B.--Laira R.) (2020 NY Slip Op 02716)





Matter of Xzandria B. (Nasheen B.--Laira R.)


2020 NY Slip Op 02716


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11477 -8/16 -8/17

[*1] In re Xzandria B., and Another, Children Under the Age of Eighteen Years, etc., Nasheen B., Respondent-Appellant, Laira R., Respondent, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Michele Cortese, Center for Family Representation, Inc., New York (Emily S. Wall of counsel), for Laira R., respondent.
James E. Johnson, Corporation Counsel, New York (Ashley R. Garman of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 3, 2018, which, after a hearing, determined that respondent father derivatively abused the subject children, awarded sole custody of the children to their mother, and placed restrictions on respondent's contact with the children, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding of derivative abuse (see Matter of Alexis W. [Efrain V.], 159 AD3d 547, 549 [1st Dept 2018]). Although there was evidence that respondent had provided daily care for the subject children, the finding that respondent sexually abused his stepdaughter, the children's half-sibling, demonstrated a fundamental defect in his understanding of the responsibilities of parenthood, and placed his biological children at imminent risk of abuse (see id.; Matter of Kylani R. [Kyreem B.], 93 AD3d 556 [1st Dept 2012]). The circumstances of the commission of such acts, as well as evidence of long-standing, extensive sexual abuse and excessive punishment of respondent's stepdaughter, demand that a derivative finding be entered.
The court properly placed restrictions on respondent's contact with the children. It was in the best interests of the children that their mother would be able to monitor communications with [*2]respondent to ensure that he was complying with the court's order not to discuss his court cases with the children (see e.g. Matter of Velasquez v Kattau, 167 AD3d 912, 913 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK