Matter of Jadiel M. (Naqwaun B.) (2020 NY Slip Op 06217)





Matter of Jadiel M. (Naqwaun B.)


2020 NY Slip Op 06217


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Docket No. N4748/2017 Appeal No. 12238 Case No. 2019-05029 

[*1]In re Jadiel M., A Child Under Eighteen Years of Age, etc., Naqwaun B., Respondent-Appellant, Letitcia M., Respondent, NYC Administration for Children's Services, Petitioner-Respondent.


Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Riti P. Singh of counsel), for



Order of fact-finding and disposition (one paper), Family Court, New York County (Patria Frias-Colon, J.), entered on or about October 25, 2019, which, after a hearing, found that respondent-appellant was a person legally responsible for the subject child and that he neglected the child, unanimously affirmed, without costs.
The Family Court properly concluded that a preponderance of the evidence established that appellant neglected the subject child, a child for whom he was legally responsible, based on acts of domestic violence committed against the child's mother, in the child's presence (see Matter of Andru G.[Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]). Having reviewed the record, we find no basis for disturbing the court's credibility determinations (see Matter of Irene O.,38 NY2d 776, 777 [1975]; see also Matter of Nasir J.,35 AD3d 299 [1st Dept 2006]).
Appellant failed to preserve for appellate review his argument that he was not a person legally responsible for the child, and we decline to review in the interest of justice (see Matter of Jeremy B. [Jeffrey B.], 168 AD3d 494, 495 [1st Dept 2019]). As an alternate holding, we find that the court properly determined that he was a person legally responsible for the child, for whom he described himself as a father figure, and with whom he lived for the majority of the child's young life (see Matter of Yolanda D.,88 NY2d 790, 796 [1996]; see also Matter of Joel O. [Yvonne O.], 93 AD3d 491, 492 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020