Matter of Ibraheem K. (Jacqueline N.) (2021 NY Slip Op 00494)





Matter of Ibraheem K. (Jacqueline N.)


2021 NY Slip Op 00494


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Docket No. NN-48093/16 Appeal No. 12966-12966A Case No. 2019-5564 

[*1]In the Matter of Ibraheem K., a Child Under Eighteen Years of Age, etc., Jacqueline N., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.



Order of disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about June 28, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 21, 2019, which, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the determination that the mother neglected the child by inflicting excessive corporal punishment, thereby placing the child at imminent risk of physical and emotional harm (see e.g. Matter of Naitalya B. [Melissa B.]., 150 AD3d 441 [1st Dept 2017]; Matter of Alanna S. [Regina A.], 92 AD3d 787 [2d Dept 2012]). The mother threatened to send the child to the Middle East because of the child's sexual orientation with the implication that the child would be killed for that reason. The Family Court considered the child's mental health history and providently credited the allegations made by the child to the child's protective specialists that the child was beaten by the mother with a belt and broom and that the child was fearful of her, while discounting the child's later attempt to recant such allegations (see Matter of Elisa V. [Hung v.], 159 AD3d 827, 828-829 [2d Dept 2018]). The court's credibility determinations are entitled to great deference (see Matter of Irene O., 38 NY2d 776, 777 [1975]). Contrary to the mother's argument, there is no basis to modify or vacate the neglect finding for good cause (compare Matter of Daniella A. [Jessica A.], 153 AD3d 426, 427 [1st Dept 2017]).
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021