People v Zaragoza (2021 NY Slip Op 03915)





People v Zaragoza


2021 NY Slip Op 03915


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Ind No. 57562/10 Appeal No. 14091 Case No. 2016-01116 

[*1]The People of the State of New York, Respondent,
v
Alejandro Zaragoza, Defendant-Appellant. 


Janet E. Sabel, The Legal Aid Society, New York (Richard Joselson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 16, 2011, convicting defendant, after a nonjury trial, of attempted forcible touching and attempted sexual abuse in the third degree, and sentencing him to one year of probation, unanimous modified, on the law, to the extent of vacating the conviction of attempted forcible touching and dismissing that count, and otherwise affirmed.
The complaint was legally insufficient to support the forcible touching charge; therefore, with respect to that charge only, the prosecutor's information was jurisdictionally defective (People v Alejandro, 70 NY2d 133, 136 [1987]). The actus reus of forcible touching (Penal Law § 130.52) is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts" (People v Guaman, 22 NY3d 678, 683-84 [2014]). Here, the complaint alleged that defendant touched the victim's thighs and genitals by reaching under her skirt, but it failed to allege any facts consistent with the application of pressure (see e.g. People v House, 45 Misc 3d 814, 817-818 [Ithaca City Court 2014].
With respect to the remaining conviction, the court's verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). The testimony supported inferences that it was defendant who repeatedly touched the victim's groin area by reaching under her skirt, and that he did so intentionally, for the purpose of sexual gratification. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021