Matter of M.S. (Andrew S.) (2021 NY Slip Op 05795)





Matter of M.S. (Andrew S.)


2021 NY Slip Op 05795


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Docket No. NA-14297/18 NA-14298/18 Appeal No. 14420 Case No. 2020-02389 

[*1]In the Matter of M.S. and Another, Children Under Eighteen Years of Age, etc., Andrew S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about February 10, 2020, which found that respondent had abused and neglected the subject child E.G. and derivatively neglected the subject child M.S., unanimously affirmed, without costs.
Family Court's determination that respondent sexually abused his stepdaughter, E.G., and derivatively neglected his son, M.S., is supported by a preponderance of the evidence (Family Court Act § 1046[a][vi], [b][i]). E.G.'s out-of-court statements made in two videotaped interviews were sufficiently corroborated by the expert testimony of the supervising clinical specialist, who treated E.G. after her disclosure of the abuse, that E.G. suffered from symptoms of trauma and posttraumatic stress disorder as a result of the abuse and disclosure. In addition, some corroboration was provided by the testimony of the investigating child protective specialist that E.G. reported she was happier and felt better when respondent's belongings were removed from the home and the sofa where some of the abuse occurred was replaced, and respondent's own testimony confirming certain details of his interactions with E.G., including they would tickle each other (see Matter of Ada G.-L. [Christopher G.-L.], 188 AD3d 488, 489 [1st Dept 2020]; Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]; Matter of Estefania S. [Orlando S.], 114 AD3d 453, 453 [1st Dept 2014]). We find no basis to disturb the Family Court's determination crediting E.G.'s statements (see generally Matter of Irene O., 38 NY2d 776, 777 [1975]).
Respondent's sexual abuse of E.G. demonstrates a fundamental defect in understanding of his parental obligations, supporting a derivative finding of neglect of M.S. [see Matter of Xzandria B. [Nasheen B.], 183 AD3d 408, 408 [1st Dept 2020]; Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515, 515-516 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021