Matter of Robann H. (Autumn P.) (2023 NY Slip Op 05983)

Matter of Robann H. (Autumn P.)

2023 NY Slip Op 05983

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Docket No. NN-5853/22 Appeal No. 1052 Case No. 2023-00880 

[*1]In the Matter of Robann H., A Child Under Eighteen Years of Age, etc., Autumn P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about January 10, 2023, which, after a fact-finding hearing, to the extent appealed from as limited by the briefs, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child by inflicting excessive corporal punishment on her. The child's out-of-court statement that the mother hit her in the mouth with a closed fist, causing her lower lip to bleed, was corroborated by the testimony of the Administration for Children's Services (ACS) caseworker (see Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]). The caseworker also testified that the child had a photograph of the injury on her phone and showed it to the caseworker, who took a photograph of it with her own phone. The court properly admitted the photograph into evidence, as the caseworker's testimony laid the proper foundation that it "accurately represented" the digital image that she had seen on the child's phone, and that the child was, in fact, the person shown in the photograph (see People v Price, 29 NY3d 472, 477 [2017]). The court was entitled to take a negative inference against the mother from her failure to testify (see Matter of Nicole H., 12 AD3d 182 [1st Dept 2004]).
That the child's injuries resulted from only one incident does not preclude a finding of excessive corporal punishment (see Matter of Empress B., 204 AD3d at 563). In addition, the evidence shows that the child was emotionally harmed by other instances of the mother's violent and erratic behavior, including hitting the child and causing her to fall down the stairs. Indeed, the child reported to the ACS caseworker that she no longer felt safe with the mother (see e.g. Matter of Ibraheem K. [Jaqueline N.], 190 AD3d 643, 644 [1st Dept 2021]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023