Matter of J.L. (J.A.L.) (2024 NY Slip Op 03151)

Matter of J.L. (J.A.L.)

2024 NY Slip Op 03151

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Docket No. N5452/21, N5453/21, N5454/21 Appeal No. 2474 Case No. 2022-04960 

[*1]In the Matter of J.L., and Others, Children under Eighteen Years of Age etc., J.A.L., Appellant, X.V.B.P., Respondent, Administration for Children's Services, Petitioner-Respondent.

Jessica M. Brown, Hartsdale, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about June 9, 2022, which, to the extent appealed from, found that appellant sexually abused the two older subject children and derivatively abused the youngest subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's determination that appellant, a person legally responsible for the two older children, sexually abused those children (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]), and that he derivatively abused the youngest child, his daughter (see Family Ct Act § 1046[a][i]). The court properly found that the eldest child's out-of-court statements were sufficiently corroborated by the middle child's out-of-court statements to the detective and by the mother's testimony (see Matter of Nicole V., 71 NY2d 112, 124 [1987]; Matter of Sade B. [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]). Family Court also properly determined that the mother's testimony corroborated the older children's out-of-court statements that appellant was alone with them when she was not home (see Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]). Appellant's intent to gain sexual gratification from raping the two older children was properly inferred from the acts themselves (see Matter of Ada G.-L. [Christopher G.-L.], 188 AD3d 488, 489 [1st Dept 2020]). There is no reason to disturb the court's evaluation of the evidence, including its credibility determinations, as the findings were clearly supported by the record (see Matter of Ilene M., 19 AD3d 106, 106 [1st Dept 2005]). Furthermore, the court properly drew a negative inference from appellant's failure to testify (see Matter of Itzel A. [Jose V.], 188 AD3d 478, 479 [1st Dept 2020]).
Contrary to appellant's contention, the finding of derivative abuse is not undermined by the fact that the abuse of the two older children occurred about a year before the youngest child was born (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]). The evidence of the abuse demonstrates that appellant's parental judgment and impulse control are so defective as to create a substantial risk of harm to any child in his care (see Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]).
Appellant's claim that he was denied a fair trial because his trial counsel failed to submit expert testimony demonstrating the two older children's out-of-court statements were not sufficiently reliable for cross-corroboration is raised for the first time on appeal and unpreserved for appellate review (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020], lv denied 35 NY3d 911 [2020]), and we decline to review it. In any event, appellant's mere speculation that having an expert testify about how the detective might have influenced the two older children during their forensic interviews is not sufficient to demonstrate prejudice constituting [*2]ineffective assistance of counsel given that he never showed that there were relevant experts who would have been willing to testify in a manner helpful and favorable to his case (see Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224-1225 [3d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024