Matter of D.F. (Erica L.) (2024 NY Slip Op 03326)

Matter of D.F. (Erica L.)

2024 NY Slip Op 03326

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Docket No. NN-02033/22 Appeal No. 2501 Case No. 2023-03482 

[*1]In the Matter of D.F., a Child Under Eighteen Years of Age, etc., Erica L. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about June 14, 2023, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child by inflicting excessive corporal punishment (see Family Ct Act §§ 1012[f][i][B], 1046[b][i]). The child's in-court testimony established that the mother routinely struck the child with a belt, a broom, and her hands, causing the child to become sad and afraid (see Matter of Ibraheem K. [Jacqueline N.], 190 AD3d 643, 644 [1st Dept 2021]). The child testified to specific incidents of physical abuse, including a detailed description of an incident, when because the child was unable to stop crying the mother struck the child to the top of the child's head with a handful of keys, causing the child pain and distress. This account was corroborated by the child's statements to Emergency Children's Services workers who responded on the day of the incident and statements made by the child to an ACS caseworker during an interview the following day (see Matter of Fendi B. [Jason B.], 142 AD3d 878 [1st Dept 2016]).
The child's "sworn testimony at the fact-finding hearing is competent evidence of abuse, and the absence of physical injury or other corroboration does not require a different result" (see Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454 [1st Dept 2012] [internal citation omitted]). The record contains no evidence that these physical punishments were in any way a justified or a reasonable form of discipline (see 
Matter of Peter G., 6 AD3d 201, 206 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004], citing Family Ct Act § 1012[f][i][B]; Matter of Desiree D. [Iris D.], 209 AD3d 547, 548 [1st Dept 2022]). The court providently credited the child's testimony and found the mother's testimony incredible and self-serving. There is no basis for disturbing the court's credibility determinations, which are entitled to great deference on appeal (see Matter of Any G. v Ayman H., 208 AD3d 1097, 1098 [1st Dept 2022]).
The mother did not preserve any argument that ACS failed to conform the pleadings to the proof, and we decline to review this claim in the interest of justice (see Matter of C.F. [Carlos F.], 220 AD3d 506, 507 [1st Dept 2023], lv denied 41 NY3d 901 [2024]). Similarly, the mother did not preserve any claim that the court improperly considered inadmissible hearsay statements from a caseworker's testimony. The parties agreed to redact portions of testimony containing either hearsay or information irrelevant to the fact-finding, and the court expressly stated that those excerpts were not considered, and the caseworker's testimony was given limited weight overall (see Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014]).
We [*2]have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024