Matter of J.M. (Felipe A.) (2024 NY Slip Op 06541)

Matter of J.M. (Felipe A.)

2024 NY Slip Op 06541

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NA-22825/22, NA-22826/22, NA-22827/22, NA-22828/22 Appeal No. 3305 Case No. 2023-03753 

[*1]In the Matter of J.M., and Others, Children Under Eighteen Years of Age etc., Administration for Children's Services, Petitioner-Respondent, Felipe A., Respondent-Appellant.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Donna C. Chin, New York, attorney for the child, J.M.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti Singh of counsel), attorney for the child, A.M.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the children, G.A. and A.A.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about June 29, 2023, which, to the extent appealed from as limited by the briefs, found that respondent-appellant sexually abused the child A.M. and derivatively abused the three other children, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's determination that appellant sexually abused A.M., his stepchild, and derivatively abused the three younger children (see Family Court Act §§ 1012[e][iii]; 1046[b]; Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]). The finding of sexual abuse was supported by the child's sworn testimony, which the court found to be credible, as well as the child's records from New York-Presbyterian Hospital, which included her statements similarly describing the incidents of sexual abuse (see Matter of Karime R. [Robin P.], 147 AD3d 439, 440 [1st Dept 2017]; Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]). Family Court properly determined that the child's out-of-court statements in the hospital records were independently admissible and did not require corroboration because they were relevant to her treatment, diagnosis, and discharge (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]).
Furthermore, appellant's intent to gain sexual gratification from placing the child's hand on his genitals, pressing his genitals against the child's while they were wrestling, repeatedly slapping the child's posterior, and watching the child while she showered, was properly inferred from the acts themselves (see Matter of Maria S. [Angel A.], 185 AD3d 437, 437 [1st Dept 2020]).
There is no basis for disturbing Family Court's credibility determinations, including its evaluation of the child's testimony and its finding that much of appellant's testimony was not credible (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of C.F. [Carlos F.], 220 AD3d 506, 506-507 [1st Dept 2023], lv denied 41 NY3d 901 [2024]; Matter of Keydra R. [Robert R.], 105 AD3d 588, 589 [1st Dept 2013]). Appellant's testimony confirmed certain details of his interactions with the child, including that he frequently slapped her posterior, wrestled with her while other family members were present, and used the bathroom while the children were showering (see Matter of M.S. [Andrew S.], 198 AD3d 547, 548 [1st Dept 2021]).
The finding that appellant sexually abused the child demonstrated a fundamental defect in his understanding of the responsibilities of parenthood and placed the younger children, who were in the home during the incidents of the abuse, at imminent risk of abuse (see Matter of Xzandria B. [Nasheen B.], 183 AD3d 408, 409 [1st Dept 2020]). A finding of derivative abuse is appropriate regardless of whether the younger children were aware of the abuse (see Matter of Karime R., 147 AD3d at 441). Although two of the [*2]younger children were appellant's biological children and the third child was a boy, those distinctions do not undermine the finding of derivative abuse based on appellant's impaired level of parental judgment (see Matter of Krystal N. [Juan R.], 193 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; Matter of Lesli R. [Luis R.], 138 AD3d 488, 489 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024