Matter of L.D. (Sonja A.) (2025 NY Slip Op 05627)

Matter of L.D. (Sonja A.)

2025 NY Slip Op 05627

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Docket No. NN-35862/23|Appeal No. 4941|Case No. 2024-06686|

[*1]In the Matter of L.D., A Child Under Eighteen Years of Age, etc., Sonja A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Jay A. Maller, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Chase Henry Mechanick of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Daniel Abdul-Malak of counsel), attorney for the child.

Order of fact-finding and disposition, Family Court, Bronx County (Gigi N. Parris, J.), entered on or about October 10, 2024, which, after a fact-finding hearing, found that respondent neglected the subject child by inflicting excessive corporal punishment upon her, unanimously affirmed, without costs.
A preponderance of the evidence supports the determination that respondent neglected the child by inflicting excessive corporal punishment (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Peter G., 6 AD3d 201, 206 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004]). The record demonstrates that respondent hit, slapped, and punched the child, and struck the child with a cast iron pan, a spoon, a wooden cane, and an extension cord. Additionally, the child's detailed testimony about the specific incidents of corporal punishment and the frequency of abuse demonstrates that respondent's conduct was neither isolated nor reasonable in degree (see Matter of Ibraheem K. [Jacqueline N]., 190 AD3d 643, 644 [1st Dept 2021]). The court's decision to credit the child's testimony over respondent's is entitled to deference, and we find no basis to disturb that credibility determination, especially since the child's testimony was subject to extensive cross-examination and respondent's testimony was inconsistent and evasive (see Matter of Sylvia G. [Barbara G.], 113 AD3d 498, 499 [1st Dept 2014]).
We reject respondent's assertion that petitioner did not meet its burden of proof by failing to present any corroborating evidence beyond the child's testimony. The child's testimony was sufficient, and the absence of physical injury or other medical corroboration is not dispositive (see Matter of Andrew R. [Andrew R.], 146 AD3d 709, 710 [1st Dept 2017]). In any event, the child's guidance counselor's testimony constitutes sufficient corroboration of the abuse. The guidance counselor testified that she observed several long scratches or cuts on the child's forehead and that the child later stated that respondent caused those scratches. The guidance counselor also testified that during the same conversation, the child wore a very short haircut and disclosed that respondent cut the child's hair because the child was "bad." Respondent's own admissions also bolstered the child's account (see Matter of C.L. [Edward L.], 214 AD3d 481, 482 [1st Dept 2023]).
We have considered respondent's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025