Matter of E.G. (D.E.) (2026 NY Slip Op 00469)

Matter of E.G. (D.E.)

2026 NY Slip Op 00469

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Docket No. 00904-5/22|Appeal No. 5716, 5716A|Case No. 2024-05407|

[*1]In the Matter of E.G., and Another, Children Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Respondent, D.E., Respondent-Appellant, D.C., Respondent.

Andrew J. Baer, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Learner of counsel), for, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child, E.G.
Marrion C. Perry, New York, attorney for the child, A.E.

Order of disposition, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about August 6, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, which found that respondent D.E. sexually abused the subject child, a child for whom he was legally responsible, and derivatively neglected his biological child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports Family Court's determination that respondent, a person legally responsible for the subject child, sexually abused the subject child, and that he derivatively neglected his biological child (see Family Court Act §§ 1012[e][iii][A]; 1046[b][i]; Matter of J.L. [J.A.L.], 228 AD3d 474, 474 [1st Dept 2024]). Although the subject child's sworn testimony did not need to be corroborated, it was nevertheless corroborated by the subject child and the biological child's out-of-court statements as testified to by petitioner's child protective specialist (see Matter of Karime R. [Robin P.], 147 AD3d 439, 440 [1st Dept 2017]; Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]).
The court properly drew a negative inference against respondent as to whether
his actions were for the purpose of gratifying his sexual desire. Sexual gratification may
be inferred from a totality of the circumstances and respondent failed to testify and offer
an innocent explanation for his actions (see Matter of Maria S. [Angel A.], 185 AD3d
437 [1st Dept 2020]; Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept
2013]). There is no basis for disturbing Family Court's credibility determinations,
including its evaluation of the police reports entered into evidence and the testimony of
the witnesses, which are accorded deference on appeal (see Matter of Irene O., 38 NY2d
776, 777 [1975]; Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).
Family Court's finding that respondent sexually abused the subject child in violation of Penal Law § 130.52 by forcibly touching the subject child, was supported by a preponderance of the evidence (see Matter of Diana C. [Felipe J.], 129 AD3d 487, 488 [1st Dept 2015]). The subject child testified that on or about January 17, 2022, at about 5:00 a.m., the child awoke and found respondent "crouching down next to [the] bed with his phone out and moving . . . the crotch area of [the child's] panties to the side with his index finger" while pointing the flash of his phone into the subject child's private parts (see People v Bartlett, 89 AD3d 1453, 1454 [4th Dept 2011], lv denied 18 NY3d 881 [2012]). The subject child's testimony of feeling him touch "the crotch area" of the subject child's panties established that respondent applied some level of pressure to a sexual or intimate part of the child (see People v Zaragoza, 195 AD3d 522, 523 [1st Dept 2021]).
A preponderance of the evidence also supported Family Court's finding that respondent's actions constituted the family offenses of sexual abuse in the second and
third degrees (Penal Law §§ 130.60; 130.55). The subject child's testimony that the child awoke because the child felt respondent touching "the crotch area" of the child's panties was also sufficient to support such a finding because it established that respondent had touched the child on an intimate part when the child was incapable of consenting to sexual contact (see People v Sene, 66 AD3d 427, 428 [1st Dept 2009], lv denied 13 NY3d 941 [2010]).
The finding of derivative neglect against respondent as to his biological child was appropriate. The finding that respondent sexually abused the subject child
demonstrated a fundamental defect in his understanding of the responsibilities of
parenthood and placed his biological child, who was in the home during the incident of the abuse, at imminent risk of neglect (see Matter of Xzandria B. [Nasheen B.], 183 AD3d 408, 408-409 [1st Dept 2020]). The subject child's testimony and the biological child's out-of-court statements as testified to by the child protective specialist established that the biological child was sleeping in the biological child's bedroom when respondent sexually abused the subject child, and that the biological child awoke after hearing the subject child's screams. Respondent's argument that his biological child is not similarly situated as the subject child is meritless and does not prevent a finding of derivative neglect based on his impaired level of parental judgment (see Matter of Krystal N. [Juan R.], 193 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; Matter of Lesli R. [Luis R.], 138 AD3d 488, 489 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026