Matter of V.B. (Richard B.--Marcia C.)
2026 NY Slip Op 03223
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of V.B., A Child Under Eighteen Years of Age etc., Richard B., Respondent-Appellant, Marcia C., Respondent, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: May 21, 2026
Docket No. NA-09766/24|Appeal No. 6676|Case No. 2025-04767|
Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Judith Stern of counsel), attorney for the child.

[*1]
Order of disposition, Family Court, Bronx County (Pamela B. Scheininger, J.), entered on or about July 25, 2025, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding order, same court (E. Grace Park, J.), entered on or about March 27, 2025, which, after a hearing, found that respondent father sexually abused and neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the determination that respondent sexually abused the child in violation of Penal Law §§ 130.52, 130.55, and 130.60 (see Family Ct Act §§ 1012 [e] [iii] [a], 1046 [b] [i]; Matter of Diana C. [Felipe J.], 129 AD3d 487, 488 [1st Dept 2015]; Matter of Alexis Marie P., 45 AD3d 458, 459 [1st Dept 2007], lv denied 10 NY3d 705 [2008]). The court found the child's testimony at the hearing credible, notwithstanding any inconsistences with the child's prior statements, which were minor and peripheral to the dispositive issues, and there is no basis for disturbing that finding (see Matter of Fendi B. [Jason B.], 142 AD3d 878, 878 [1st Dept 2016]). The child's testimony detailing the abuse, which began when she was in the first grade and continued through April 2024, is competent evidence of sexual abuse and need not be corroborated by evidence of serious physical injury or other evidence (see Matter of Demetrius C. [David C.], 156 AD3d 521, 522 [1st Dept 2017], lv dismissed 31 NY3d 926 [2018]). In any event, the child's testimony was corroborated by her medical records, which included similar accounts of the abuse (see Matter of Kayla S. [Eddie S.], 146 AD3d 648 [1st Dept 2017]). Moreover, the court properly determined that the child's statements to hospital staff were independently admissible and did not require corroboration because they were relevant to the child's treatment and diagnosis (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]).
The child's testimony of feeling respondent touching her on the child's genitals over the child's clothing, and also under her shirt, was sufficient to establish that respondent applied some level of pressure to a sexual or intimate part of the child (see People v Zaragoza, 195 AD3d 522, 523 [1st Dept 2021]; People v Sene, 66 AD3d 427, 427-428 [1st Dept 2009], lv denied 13 NY3d 941 [2010]).
[*2]
The determination that respondent neglected the child by inflicting excessive corporal punishment is also supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; Matter of Ibraheem K. [Jacqueline N.], 190 AD3d 643, 643 [1st Dept 2021]). The child testified that respondent threw things at her, slapped, hit, and choked her, which sometimes left bruises and caused bleeding. This testimony was sufficient, and the absence of physical injury or other medical corroboration is not dispositive (see Matter of L.D. [Sonja A.], 242 AD3d 506, 506 [1st Dept 2025]). Respondent's actions exceeded any common-law right to use reasonable force to discipline his child (see Matter of Jermaine J. [Howard J.], 121 AD3d 437, 438 [1st Dept 2014]).
Furthermore the court's decision to credit the child's testimony over respondent's is entitled to deference, and there is no basis to disturb its credibility determinations, especially because the child's testimony was subject to extensive cross-examination and respondent's testimony was found to be incredible (see Matter of Sylvia G. [Barbara G.], 113 AD3d 498, 499 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026